UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN CABRAL, )<br>  )<br>    Plaintiff, )<br>  )<br>v. )<br>  )<br>STONE CONTAINER )<br>CORPORATION, )<br>  )<br>    Defendant. )<br>  ) | C.A. No. 04-CV-11961 MEL |

### DEFENDANT STONE CONTAINER CORPORATION'S
### MOTION TO BRING IN THIRD-PARTY DEFENDANTS

Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, the Defendant, Stone Container Corporation ("Stone"), moves for leave to assert a Third-Party Complaint against Liberty Mutual Insurance Company ("Liberty Mutual") and Lancer Insurance Company ("Lancer"). As grounds for this Motion, Stone states the following:

1. System Freight, Inc. ("Freight") had a Motor Contract Carrier Agreement (the "Agreement") with Stone whereby it provided transportation services on behalf of Stone in interstate and intrastate commerce.

2. In accordance with Paragraph 6 of the Agreement, Freight caused Smurfit Stone Container Corporation (U.S.), its subsidiaries and affiliates to be named as an additional insured on Liberty Mutual Policy No. YY2-131-481571-031 and on Lancer Policy No. TP606146. Stone is a subsidiary of Smurfit-Stone Container Corporation.

3. On August 20, 2001 the Plaintiff, Steven Cabral, was employed by Freight as a truck driver. While carrying out Freight's duties under the Agreement, Plaintiff alleges that corrugated boxes fell on him and caused personal injuries. The Plaintiff filed suit against Stone on August 18, 2004.

4. On September 14, 2004 Stone placed Liberty Mutual on notice of the Plaintiff's lawsuit.

5. On September 17, 2004 Stone placed Lancer on notice of the Plaintiff's lawsuit.

6. Neither Liberty Mutual nor Lancer have communicated with Stone or taken over Stone's defense of the Plaintiff's lawsuit.

7. Rule 14(a) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

8. The purpose of this rule is to promote judicial efficiency by eliminating the necessity for a defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original action. See Wright & Miller, Federal Practice and Procedure, § 1442 at 202-203.

9. Liberty Mutual is or may be liable to Stone for all or part of the Plaintiff's claim against Stone.

10. Lancer is or may be liable to Stone for all or part of the Plaintiff's claim against Stone.

11. A true and accurate copy of the Third-Party Complaint and Demand for Jury Trial Against Liberty Mutual Insurance Company and Lancer Insurance Company is attached hereto as Exhibit 1.

> The Defendant,
> **STONE CONTAINER CORPORATION**,
> By its attorneys,
>
> _/s/ John R. Felice_
> Peter G. Hermes, BBO No. 231840
> John R. Felice, BBO No. 644517
> HERMES, NETBURN,
>    O'CONNOR, & SPEARING, P.C.
> 111 Devonshire Street
> Boston, MA 02109-5407
> (617) 728-0050
> (617) 728-0052 (F)

Dated: 10/19/04

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by first class mail, postage prepaid, on the following counsel of record:

> Amy M. Donovan, Esq.
> Law Offices of Dane M. Shulman
> 25 Newport Avenue Extension, 1st Floor
> North Quincy, MA 02171

Date: 10/19/04

_/s/ John R. Felice_
John R. Felice

G:\DOCS\JRF\CLIENTS\Stone Container\Cabral\Pleadings\Motion for Leave to File TPC.doc