UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 NOV -2  P 3:21

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| STEVEN CABRAL ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 04-CV-11961 MEL |
| STONE CONTAINER CORPORATION ) | |
|     Defendant ) | |
| ) | |

**LANCER INSURANCE COMPANY'S OPPOSITION TO DEFENDANT'S, STONE CONTAINER CORPORATION, MOTION TO BRING IN THIRD-PARTY DEFENDANTS**

Now comes the proposed third-party defendant, Lancer Insurance Company ("Lancer"), and hereby opposes defendant's, Stone Container Corporation ("Stone"), Motion to bring in third-party defendant, Lancer.

As grounds for this opposition, Lancer states as follows:

I.  Factual Background

This case appears to arise out of a personal injury that occurred on or about August 20, 2001 alleged by Steven Cabral ("Cabral"). Upon information and belief, Lancer understands Cabral was an employee of System Freight, Inc. ("System Freight") at the time of the incident. System Freight was Lancer's insured at the time of the loss. (See Insurance Declarations document attached as Exhibit A) However, at no pertinent time was Stone Container

Corporation ("Stone") an additional insured of Lancer. (See Exhibit A, and Exhibit B, an affidavit of Lancer Vice-President David Isenberg)

In its Motion to Bring In Third Party Defendants, including Lancer, Stone relies upon a Motor Contract Carrier Agreement ("Agreement"). (See Agreement attached as Exhibit C) Specifically, Stone relies upon paragraph six of this Agreement. Notwithstanding this Agreement language, at no time did System Freight proceed to have Stone listed as an additional insured under any policy with Lancer. (See Exhibits A and B)

## ARGUMENT

Defendant's motion should be denied as Lancer did not insure Stone at any pertinent time.

Notwithstanding paragraph 6 of the Agreement (Exhibit C), Lancer's insured, System Freight, did not cause Stone to be listed as an additional insured under any applicable policy. Attached as Exhibit A is the Truckers Declaration page for System Freight, for the applicable time. As is evident, Stone is not listed as an additional insured under this policy. Thus, whereas Stone is not listed as an additional insured under the policy, Lancer can not be liable to Stone in any fashion, and is not obligated to

provide a defense or indemnify Stone concerning the above-captioned matter.

Stone may argue that a Certificate of Liability Insurance (attached as Exhibit D), listing Smurfit Stone Container Corporation as a Certificate holder, obligates Lancer to indemnify Stone. This argument fails since the certificate clearly states,

> This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below.

It is possible that Stone may argue that issues of fact remain that permit it to implead Lancer. Stone is misguided if it attempts to make this argument. The interpretation of an insurance contract is a question of law for the court, not a question of fact for the jury. *Kelleher v. Merrimack Mutual Ins. Company of Boston*, 32 Mass. App. Ct. 501, 503 (1992); *Cody v. Connecticut General Life Ins. Company*, 387 Mass. 142, 146 (1982). The application of policy language to known facts is a question of law as well, with the court interpreting the fair meaning of the language used in the policy as applied to the subject matter. *Kelleher*, 32 Mass. App. Ct. at 503. A person seeking coverage under a policy of insurance has the burden of demonstrating if he or she qualifies as an

3

insured under the policy. *Id.* 504. Lancer has clearly put forth facts, within this opposition, that clearly demonstrates that Stone has not met its burden.

Simply put, there is no coverage for Stone under the Lancer policy as it was not an insured on the Lancer policy at the time of the incident. Stone was not an insured under the terms of Lancer's policy with System Freight, and is not entitled to coverage.

Wherefore, Lancer Insurance Company requests that the court deny defendant's motion to implead Lancer.

> THE proposed DEFENDANT,
> LANCER INSURANCE COMPANY,
> BY ITS ATTORNEY
>
> Thomas J. Fay, BBO#552812
> Boyle, Morrissey & Campo, P.C.
> 25 Stuart Street
> Boston, MA 02116
> (617) 451-2000
> F: (617) 451-5775